<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| DARIUS THOMAS, | : | |
| | : | Civil No. 23-3104 (BRM) (JBC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OSCAR AVILES, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Darius Thomas's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the application to proceed *in forma pauperis* is **GRANTED** and the Clerk of the Court shall file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I. BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. At the time of the allegations raised in the Complaint, Plaintiff was a pretrial detainee confined at Hudson County Correctional Facility ("HCCF"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Director Oscar

Aviles ("Aviles"), Nurse Wint ("Wint"), Michael Dantico, Medical Department Director ("Dantico").[1] (*See id.*)

Plaintiff alleges his cellmate tested positive for COVID-19. (ECF No. 1 at 5.) Plaintiff submits he sent a "letter and request form" to Defendant Aviles about what he was "being put through" and no action was taken to prevent Plaintiff from contracting COVID-19. (*Id.*) Weeks later, Plaintiff was placed in a unit with other inmates who were quarantined but were not tested. (*Id.* at 5–6.) It is unclear when, but Plaintiff submits that he contracted COVID-19 and his breathing and health declined. (*Id.* at 6.) Plaintiff claims that he has one kidney and a half of a stomach and he believes that COVID-19 ruined his chances of getting healthier. (*Id.*) Plaintiff was seen by the medical staff; however, they advised him nothing was wrong and sent him back to his unit. (*Id.*) Plaintiff submits that in February 2021 he complained to his housing officers about the increase in transmission of COVID-19 in HCCF. (*Id.*) While it is unclear in the Complaint, Plaintiff appears to allege that he contracted COVID-19 for a second time and experienced bone and body pain and trouble breathing. (*Id.*) Plaintiff brought his symptoms to the nurses' attention and the nurse recommended he "lay down and let it pass by." (*Id.*) Plaintiff also submits that he complained to Sergeant Castro and was told that the Defendant Aviles is aware of the conditions in the jail and is capable of running it. (*Id.* at 6–7.)

Plaintiff seeks monetary compensation.

---

[1] In the caption of the Complaint, Plaintiff names HCCF as the defendant. However, Plaintiff fails to name HCCF as a defendant within the body of the Complaint. Therefore, the Court does not view HCCF as a defendant in this matter. However, the Court notes that even if Plaintiff is attempting to raise a claim against HCCF, that claim would be dismissed because a jail is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983").

## II. LEGAL STANDARD

### A. Prison Litigation Reform Act

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . .
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity, or other proper proceeding for
> redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation

of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Supervisory Liability Claim

Plaintiff alleges he sent a "letter and request form" to Defendant Aviles about what he was

"being put through" and no action was taken to prevent Plaintiff from contracting COVID-19.

(ECF No. 1 at 5.) Plaintiff also appears to be alleging that Defendant Aviles did not take actions

to prevent the spread of COVID-19. (*Id.* at 6–7.) The Court construes Plaintiff's Complaint to

assert a claim for supervisory liability against Defendant Aviles.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based

on an establishment of policies, practices, or customs that directly caused the constitutional

violation; or (2) personal liability based on the supervisor participating in the violation of the

plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and

acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL

3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

Plaintiff does not identify a specific policy or policies that Defendant failed to employ. Specifically, Plaintiff does not address what policies or protocols were in place to prevent the spread of the COVID-19 virus and how these policies were deficient.

Moreover, Plaintiff fails to address whether Defendant was aware that HCCF's COVID-19 policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant was indifferent to said risk. Additionally, Plaintiff fails to allege that Defendant Aviles participated in the decision to deny Plaintiff medical care, told others to deny Plaintiff medical care, or that Defendant Aviles even knew Plaintiff was denied medical care.

While Plaintiff alleges he complained through a letter and request form, that type of allegation—*i.e.*, a claim that grievances were sent to a warden or other administrator—are generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See*, *e.g.*, *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (affirming dismissal of claims against warden and others, based on allegation they had received grievances, stating "[a]lthough some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews"); *Butler v. Penchishen*, No. 22-CV-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). In short, Plaintiff does not allege sufficient facts to allow this claim to proceed at this time and his claim against Defendant Aviles is dismissed without prejudice. *See Iqbal*, 556 U.S. 662, 678 (2009).

## B.  Deliberate Indifference to Serious Medical Needs

Plaintiff fails to name Defendant Wint in the body of his Complaint. (*See* ECF No. 1 at 5-7.) However, Plaintiff alleges that he brought his symptoms to the nurse's attention, and he was

told to lay down and let it pass. (*Id.* at 6.) The Court will construe this allegation as being raised against Defendant Wint.

A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Therefore, in the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.*

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103–04. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate his medical needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious a lay person would recognize the necessity for a doctor's

attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to show prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). A plaintiff alleges deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.2d at 110.

Plaintiff acknowledges that he was seen by the nursing staff and was given an opportunity to describe his symptoms and underlying conditions. Plaintiff submits that the nursing staff told

Plaintiff he needed to rest. (ECF No. 1 at 6.) Plaintiff fails to allege facts that show Defendant Wint knew Plaintiff needed additional treatment. Plaintiff does not explain what additional treatment or tests he thinks he should have received. At most, Plaintiff alleges a disagreement with his treatment, but mere disagreement is an insufficient basis on which to establish a claim for deliberate indifference. *See Pearson v. Prison Health Services*, 850 F.3d 526, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."); *Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008) ("The *Estelle* test gives substantial latitude to prison medical authorities to diagnose and treat inmates . . . ."). In short, the alleged facts, even assuming they are true, do not support a finding of deliberate indifference to serious medical needs, and Plaintiff does not present specific allegations that would indicate he received constitutionally deficient medical care. As such, any claim Plaintiff was attempting to raise against Defendant Wint is dismissed without prejudice.

### C.  Personal Involvement

The Complaint names medical director Michael Dantico as a defendant. (ECF No. 1 at 1.) However, Defendant Dantico is not named in the body of the Complaint. Plaintiff fails to include any allegations against Defendant Dantico. (*See generally* ECF Nos. 1.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to allege personal involvement by Defendant Dantico. Therefore, any claim against Defendant Dantico is

dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: July 11, 2023

*/s/ Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**